# Gallagher *v.* London Assurance Corporation, Appellant.

[Marked to be reported.]

*Evidence—Execution of paper—Search for subscribing witnesses—Second-*
*ary evidence.*

Where one of two subscribing witnesses to a paper, relied upon by de-
fendant, is shown to reside out of the state, and the other subscribing
witness has no known fixed residence, but is a laboring man, working
about from place to place as he can obtain employment, an unsuccessful
search for this witness when the case was down for trial the first time, in-
quiry being made at a number of different times, and of a number of dif-
ferent persons, is sufficient to render unnecessary a second search when
the case is subsequently down for trial ; and, under such circumstances,
secondary evidence is admissible to prove the signatures to the paper, it
appearing that the plaintiff gave an evasive answer, when asked by the
person employed to serve the subpœna, as to the whereabouts of the miss-
ing witness.

Where the witness has a fixed residence within the county, a more dili-
gent search for him would be required.

*Ownership of personalty—Best evidence—Parol and written evidence.*

The fact of the existence of written evidence of the ownership of per-
sonal property, will not prevent a witness from testifying that he is the
owner of it, without the writing being offered in evidence.

*Evidence—Paper—Subscribing witness—Party.*

Whether a paper may be proven by calling the party who executed it,
instead of placing the subscribing witnesses on the stand, or accounting
for their absence, not discussed or decided.

Argued April 13, 1891.   Appeal, No. 4, July T., 1890, by
defendant, from judgment of C. P. Luzerne Co., March T.,
1886, No. 68, on verdict for plaintiff, Edward Gallagher.   Be-
fore PAXSON, C. J., STERRETT, GREEN, MITCHELL and HEY-
DRICK, JJ.   Reargued April 12, 1892.   Before PAXSON, C. J.,
STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and
HEYDRICK, JJ.

Debt on policy of fire insurance on personal property, which
had been destroyed by fire.

On the trial, before WOODWARD, J., the following facts ap-
peared :

The property insured was a frame building built on leased
ground.   The lease had expired, and a railroad company had
acquired a right over the ground on which the house was built.
The insurance company defended on the ground that the plain-
tiff was not the owner of the house.   The defendant offered in
evidence a written paper purporting to be signed by defendant
and wife with their marks, conveying the house in question and
another house to J. B. Shiffer.   The subscribing witnesses to
this paper were H. H. Brown and Patrick Regan.   The court
below rejected the paper, because neither of the subscribing
witnesses were called, and sufficient evidence of an effort to
reach them had not been proven to make secondary evidence
of the signatures to the paper admissible. [1]   The court also
refused to permit J. B. Shiffer, the grantee named in said paper,
to testify who owned the houses described in the paper. [6]

*Errors assigned* were, inter alia, (1, 6) excluding evidence as
above.

*G. L. Halsey*, for appellant.

Secondary evidence of the execution of the conveyance by
the plaintiff should have been admitted : Powers v. McFerran,
2 S. & R. 43 ; Hamsher v. Kline, 57 Pa. 402.

The paper in question was not the foundation of the action,
but came in as an incident of the trial; therefore, its execution
could be proved by any competent testimony without calling
the subscribing witnesses :  Kitchen v. Smith, 101 Pa. 452 ;
Shoenberger v. Hackman, 37 Pa. 92; 1 Gr. Ev. § 89, and cases
cited.

*John T. Lenahan,* with him *James L. Lenahan,* for appellee.

Sufficient diligence in seeking for the subscribing witnesses was not shown : Truby v. Byers, 6 Pa. 347 ; Hope v. Eastern Transportation Line, 1 W. N. C. 394; Taylor's Ev. §§ 429, 1885 ; Gr. Ev., vol. 1, 574, 578 ; Mills v. Twist, 8 Johns, 121.

The alleged bill of sale did not come in incidentally, but was the foundation of the defence.

OPINION BY MR. CHIEF JUSTICE PAXSON, April 25, 1892 :

We think it was error to exclude the paper referred to in the first specification. It had two subscribing witnesses. One of them, H. H. Brown, was shown to reside in New York, and beyond the reach of a subpœna. It was competent, therefore, to prove his handwriting. Patrick Regan, the other subscribing witness, was not called, because the defendant had been unable to find and subpœna him. Secondary evidence was then offered to prove the signatures to the paper, which was rejected by the court, for the reason that the defendant had not shown that exhaustive efforts had been made to procure the attendance of the subscribing witness. What is sufficient proof of the search for an absent witness, in order to admit secondary evidence of the signature, depends somewhat upon circumstances. Where the witness has a fixed residence within the county, the rule should be more strict than where, as here, the defendant had no known fixed residence, and was a laboring man, working about from place to place, as he could obtain employment. It appears that, at a former term of the court, when this case was down for trial, a search was made for the witness in the borough of Pittston, which was his last known place of residence, without success. A subpœna had been then taken out, and an attempt made to serve it. Inquiry was made for the witness at a number of different times, and of a number of different persons, the names of two or three of whom are given. The person employed to serve the subpœna could not find him, nor could he hear anything from him. The witness said : " Well, I made search. I made such diligent search in the first place, that I did not go the last time, because I was informed by those that I talked to that they did not think there was such a man in the neighborhood or had been there ; no one that I talked to knew anything about him. Since then,

1 talked with Mr. Shiffer, asked him if he knew anything about him ; he said he supposed likely he was a man who worked for Brown, in all probability did not live there. I recall to mind speaking to Gallagher about him once ; asked him if he knew where he was, and he says he is all right; did not answer me ; says, Regan is all right."

It will be remembered that the Mr. Shiffer referred to was a party to this paper, and that Gallagher is the plaintiff in this suit. The answer of the latter was evasive, and evidently implied that he knew where Regan was. While he was not legally bound to disclose such knowledge, if it existed, it is certainly ungracious in him to raise the objection that a proper search had not been made for the absent witness. The weak spot in the case consists in the fact that when the subpœna was taken out the second time, and for the trial below, another attempt was not made to find the witness. The reason for this, however, was given by Hileman in the testimony just quoted. It would be clearly insufficient in the case of a witness who had a known residence in the county, but it is different in the case of a witness, such as Regan, who had no fixed residence, and who was probably shifting about from place to place, as he could find a job of work to do. Where was the defendant to go to find such a man? He might inquire of every man in Luzerne county, and not find him. There was no chart to go by, no clue, and no point at which to begin. We think, under such circumstances, the court below held too strict a rule, and that the execution of the paper in question should have been proved by secondary evidence.

We also think it was error to refuse to permit J. B. Shiffer, the grantee, mentioned in the paper in the first specification, to testify who owned the houses described in said paper. See sixth specification. The fourth specification raises substantially the same question, although in a different form.

The houses in question were personal property. They had been built upon a leasehold ; the lease had expired, and they were to be removed. The defendant contended that the plaintiff had sold the houses to J. B. Shiffer. The court below refused to permit Shiffer to prove that he had bought the houses, or, to use the exact language of the specification of error, " to testify who owned the houses in said paper." The ground of

this refusal appears to have been that the sale was evidenced by a writing. It is very true that, in establishing title to real estate, the deed or writing is the best evidence, and must ordinarily be produced. This was not such a proceeding, however. It related merely to the ownership of personal property. Surely, a man may testify that he is the owner of a horse, although he may hold a bill of sale as the evidence of his title. We think the evidence should have been admitted.

This view of the case renders it unnecessary for us to discuss the question, whether a paper may be proved by calling the party who executed it, instead of placing the subscribing witnesses on the stand, or accounting for their absence.

The judgment is reversed, and a venire facias de novo awarded.